FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 1 5 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00711-BNB

CHARLES DORIAN,

    Plaintiff,

v.

JOHN L. DAVIS, Warden, Buena Vista Correctional Facility,
WILLIAM BRUNELL, Associate Warden, Buena Vista Correctional Facility,
JASON LENGERICH, Major, Buena Vista Correctional Facility,
ROGER LYONS, PhD and Mental Health Provider, Buena Vista Correctional Facility,
G. SMITH, Mental Health Provider, Buena Vista Correctional Facility,
C. ROBINSON, Captain and Programs Manager, Buena Vista Correctional Facility,
SIMON DENWALT, Case Management Supervisor, Buena Vista Correctional Facility,
R. GRIGGS, Mailroom Supervisor, Buena Vista Correctional Facility,
JAMES MICHAUD, M.D., Director of Mental Health Services, Colorado Department of
    Corrections,
DAVID STEPHENS, M.D., Director of Behavioral Health, Colorado Department of
    Corrections,
GEORGE DUNBAR, Former Warden, Buena Vista Correctional Facility,
TERRI BARTRUFF, Former Associate Warden, Buena Vista Correctional Facility,
    Individually and in Their Official Capacities, and Each of Their Supervisors,
    Designees, and Contractors, and
ALL NAMED AND UNNAMED INDIVIDUALS that directly participated in the wrongs
    claimed in this action, knew about the wrongs but did nothing to stop it, and
    failed to oversee, supervise, or train those responsible, as well as each of their
    officers, agents, and successors,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Charles Dorian, is in the custody of the Colorado Department of Corrections and is currently incarcerated at the Buena Vista Correctional Complex. He

initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 on March 21, 2011. He has been granted leave to proceed *in forma pauperis* with payment of an initial partial filing fee.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. **See id.** Under Section 1983, a plaintiff must allege that the defendants have violated his or her rights under the United States Constitution while the defendants acted under color of state law. For the reasons stated below, Mr. Dorian will be directed to file an amended complaint.

Mr. Dorian asserts five claims. In general, he challenges his classification as a sex offender. In his first claim, he asserts that he was erroneously classified as a sex offender even though he has never been convicted of a sex offense, in violation of his right to due process and equal protection. Second, he alleges that his erroneous designation as a sex offender has placed him at risk of serious harm or death at the hands of other inmates. Third, he asserts that his designation prevents him from reading periodicals available to other inmates and communicating with his five-year old son, in violation of his First Amendment right. Fourth, he asserts that his designation

prevents him from receiving earned time credits and other privileges available at his facility. Finally, he asserts that he has been harassed and retaliated against by prison officials for his failure to complete sex offender treatment. As relief, he seeks compensatory and punitive damages. Nonetheless, he fails to assert how each named Defendant violated his constitutional rights.

Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). *Id.* Mr. Dorian must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Warden John L. Davis or Associate Warden William Brunell, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Dorian fails to assert how each Defendant personally participated in the alleged constitutional violations. Therefore, he will be directed to file an Amended Complaint that alleges how all named Defendants personally participated in the alleged constitutional violations. The Amended "[C]omplaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Dorian may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Dorian uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Accordingly, it is

ORDERED that Plaintiff, Charles Dorian, file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that it shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Dorian, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Dorian fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED April 15, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00711-BNB

Charles Dorian
Prisoner No. 116618
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on April 15, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk