**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

JUN 0 7 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00711-BNB

DORIAN CHARLES,

        Plaintiff,

v.

JOHN L. DAVIS, Warden, Buena Vista Correctional Facility,
WILLIAM BRUNELL, Associate Warden, Buena Vista Correctional Facility,
JASON LENGERICH, Major, Buena Vista Correctional Facility,
ROGER LYONS, PhD and Mental Health Provider, Buena Vista Correctional Facility,
G. SMITH, Mental Health Provider, Buena Vista Correctional Facility,
C. ROBINSON, Captain and Programs Manager, Buena Vista Correctional Facility,
SIMON DENWALT, Case Management Supervisor, Buena Vista Correctional Facility,
R. GRIGGS, Mailroom Supervisor, Buena Vista Correctional Facility,
JAMES MICHAUD, M.D., Director of Mental Health Services, Colorado Department of
        Corrections,
DAVID STEPHENS, M.D., Director of Behavioral Health, Colorado Department of
        Corrections,
GEORGE DUNBAR, Former Warden, Buena Vista Correctional Facility,
TERRI BARTRUFF, Former Associate Warden, Buena Vista Correctional Facility,
        Individually and in Their Official Capacities, and Each of Their Supervisors,
        Designees, and Contractors, and
ALL NAMED AND UNNAMED INDIVIDUALS that directly participated in the wrongs
        claimed in this action, knew about the wrongs but did nothing to stop it, and failed
        to oversee, supervise, or train those responsible, as well as each of their officers,
        agents, and successors,

        Defendants.

_____

ORDER OF DISMISSAL

_____

        At the time Plaintiff, Dorian Charles, initiated the instant action, he was in the

custody of the Colorado Department of Corrections (DOC) and was incarcerated at the

Buena Vista Correctional Facility.  Mr. Charles was granted leave to proceed ***in forma***

*pauperis* pursuant to 28 U.S.C. § 1915 on March 30, 2011. On April 12, 2011, Mr.

Charles paid an initial partial filing fee.

On April 15, 2011, Magistrate Judge Boyd N. Boland determined that the

Complaint was deficient because it failed to allege the personal participation of each

named Defendant. Therefore, Magistrate Judge Boland directed Mr. Charles to file an

Amended Complaint within thirty days. Mr. Charles was warned that the action would

be dismissed without further notice if he failed to file an amended pleading within the

time provided.

On April 19, 2011, Mr. Charles submitted a notice of change of address to the

Court in which he appeared to indicate that he had been released from the custody of

the DOC. On April 26, 2011, the Order for an Amended Complaint was returned to the

Court as undeliverable because it had been mailed to Mr. Charles' DOC address.

On April 29, 2011, Magistrate Judge Boland noted that if Mr. Charles had been

released from the custody of the DOC, his continuing obligation to pay the filing fee

should be determined, like any nonprisoner, solely on the basis of whether he qualifies

for *in forma pauperis* status. *See Whitney v. New Mexico*, 113 F.3d 1170, 1171 n.1

(10th Cir. 1997); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 612-13 (6th Cir.

1997); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1138-39 (6th Cir. 1997);

*McGann v. Commissioner, Soc. Sec. Admin.*, 96 F.3d 28, 29-30 (2d Cir. 1996).

Therefore, Magistrate Judge Boland directed Mr. Charles to submit, within thirty days,

an Amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915

on the form used by non-prisoners. Further, Magistrate Judge Boland again directed

Mr. Charles to file an Amended Complaint within thirty days.  Mr. Charles was warned that his failure to file an Amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and an Amended Complaint would result in the dismissal of this action without further notice.

Mr. Charles has now failed to file an amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and an Amended Complaint, as directed by Magistrate Judge Boland.  Further, Mr. Charles has not communicated with the Court since April 19, 2011.  As a result, he has failed to file an amended pleading within the time allowed.  Therefore, the Complaint and action will be dismissed without prejudice. Accordingly, it is

ORDERED that the Complaint and this action are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to file an amended pleading within the time allowed.  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  7th  day of _____June_____, 2011.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00711-BNB

Dorian Charles
Prisoner No.  116618
1092 S Kittredge Way
Aurora, CO 80017

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on June 7, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                    Deputy Clerk